■    BOSTON INSURANCE COMPANY et al., Respondents, v. CARPINTER & BAKER, INC., Appellant.— Order, entered September 12, 1966, granting the motion of plaintiffs-respondents to restore this discontinued action to the Trial Calendar and to stay defendant-appellant from demanding arbitration, unanimously reversed on the law, without costs or disbursements to any party. Plaintiff insurance companies and defendant, an insurance agent, are parties to an agency agreement which provides in part that " any  *  *  *  difference of opinion or  *  *  *  interpretation of this Agreement  *  *  *  shall be submitted for arbitration to three disinterested executive officers of insurance companies ". Such a dispute did arise but the parties originally waived the arbitration clause by proceeding to litigate the matter. However, when the case came to trial, the companies announced that they were prepared to submit

the matter to arbitration. It should be noted that this decision was in accord with the spirit of the agreement which required the arbitrators to "decide matters submitted to them upon the customs and usages of the business in a spirit of equity rather than of technicalities or of legal requirements." Such a direction is, of course, best followed by arbitrators. At the request of the agent, the parties agreed upon five possible arbitrators and the court selected three individuals from this group to form a panel. The parties then stipulated through the court to discontinue the action and further, that "Neither party is giving up any of its rights [to arbitrate] by virtue of the fact that this suit had originally been instituted." All three of the arbitrators selected then declined to serve in view of their personal friendships with the agent's president. The agent invited the companies either to join with it in urging the three individuals to reconsider or to propose other persons who could serve, but the companies declined and brought on the present motion. While the parties originally waived the arbitration clause of the agreement by proceeding to litigation, this waiver was abrogated by their stipulation which was designed specifically for that purpose. The companies are in no way obligated to accept the services of the three admittedly partial arbitrators but the parties can agree on a new panel. Neither the original contract nor the agreement reached in court indicates that the particular arbitrators were chosen solely for their unique qualifications (cf. *Marcus* v. *Meyerson,* 5 A D 2d 818). In view of the nature of the dispute and the original agreement, this case is peculiarly suited for arbitration. The parties should be able to agree on new arbitrators and if they cannot, either may apply to the court for appropriate relief (CPLR 7504). Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.